5/8/2019 11:18 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 33399836
By: Nelson Cuero
Filed: 5/8/2019 11:18 AM

## 2019-32180 / Court: 281

CAUSE NO. _____

| | | |
|---|---|---|
| PHYLLIS MILLIGAN-MENEPHEE | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | HARRIS COUNTY, TEXAS |
| STATE FARM MUTUAL | § | |
| AUTOMOBILE INSURANCE | § | |
| COMPANY | § | ____ JUDICIAL DISTRICT |

---

### PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY REQUESTS

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Plaintiff PHYLLIS MILLIGAN-MENEPHEE, complaining of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter "Defendant" or "Defendant STATE FARM"), and for cause of action would respectfully show:

Plaintiff intends to conduct discovery under Level II, pursuant to 190.3 of the TEXAS RULES OF CIVIL PROCEDURE.

II.

Plaintiff PHYLLIS MILLIGAN-MENEPHEE is a resident of Harris County, Texas. The last three digits of Plaintiff's Texas driver's license number are 801 and the last three digits of her social security number are 047.

Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, is a foreign corporation duly authorized to do business in Texas and may be served with process by serving its registered agent: Corporation Service Company, 211 E. 7th St., Ste 620, Austin, Texas 78701 in Travis County, or wherever they may be found.

Plaintiff's Original Petition and Written Discovery Requests
- 1 -

EXHIBIT
C

**III.**

Damages sought are within the jurisdictional limits of this Court. Plaintiff seeks monetary relief of over $200,000, but not more than $1,000,000.

This court has jurisdiction and venue is proper in Harris County, Texas pursuant to Tex. Civ. Prac. & Rem. Code §15.002(a)(1) and Texas Insurance Code § 1952.110 because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas. See also Ins. Code § 1952.110 ([A]n action against an insurer may be brought only in: (1) the county in which the policyholder or beneficiary instituting the action resided at the time of the accident involving the uninsured or underinsured motor vehicle or (2) the county in which the accident occurred).

**IV.**

On or about June 14, 2017, Plaintiff was traveling near or around the 6800 block of Interstate Highway 610 East service road in Houston, Harris County, Texas. Suddenly and without warning, Theresia Lefang violently collided into Plaintiff's vehicle when she attempted to make an illegal turn from a non-turning lane. Ms. Lefang was issued a citation for making an "illegal right turn from center lane". As a result of Ms. Legang's negligence and the wreck, Plaintiff sustained serious personal injuries as described herein.

**V.**

Theresia Lefang violated her duty to exercise ordinary care in the operation of her motor vehicle and was negligent in one or more of the following particulars:

(a)     in failing to keep a proper lookout;
(a)     in failing to apply or timely apply the brakes;
(b)     in failing to yield the right of way;

        (c)     in making an illegal right turn in a non-turning lane;

        (d)     in striking Plaintiff's vehicle;

        (e)     in failing to maintain control of Defendant's vehicle; and

        (f)     in failing to exercise ordinary care as a reasonably prudent person would have done under the same or similar circumstances.

Each of these acts or omissions, singularly or collectively, constituted negligence, which proximately caused the occurrence made the basis of this suit and the resulting injuries and damages to Plaintiff.

## VI.

The Plaintiff pleads and will prove a cause of action against Defendant based upon the Texas Insurance Code and the policy of insurance issued by Defendant to Plaintiff. Specifically, the Plaintiff pleads that Defendant had issued a policy of automobile liability insurance to Plaintiff, policy number 209688253F, in exchange for insurance premiums. This policy was in full force and effect at the time of the occurrence in question and provided uninsured/underinsured motorist coverage in the limits of $100,000.00 for the Plaintiff.

Theresia Lefang was an "underinsured motorist" as that term is defined and understood under Tex. Ins. Code § 1952.102 and the policy of insurance issued by Defendant to Plaintiff. Plaintiff was a covered person and insured individual under this policy at the time of the occurrence in question and sustained damages. Plaintiff therefore is entitled to collect benefits provided by the policy of Defendant and for such benefits she now sues Defendant.

## VII.

All of the facts stated in this pleading are incorporated as if fully set forth. The action, conduct and/or omissions of Defendant was a violation of state law and/or local regulations and/or ordinances and as such constitute negligence per se.

Plaintiff's Original Petition and Written Discovery Requests

- 3 -

## VIII.

The Plaintiff further alleges and would show that she has complied with all of the terms of the aforementioned policy of insurance and the terms of the Texas Insurance Code, as a condition precedent to pursuing this suit.

## IX.

As a direct and proximate result of the aforementioned acts and omissions of negligence by Theresia Lefang, Plaintiff sustained the following damages for which she is legally entitled to recover:

1.  Necessary and reasonable medical expenses, past and future;
2.  Physical pain and mental anguish, past and future;
3.  Physical impairment, past and future;
4.  Lost wages and earning capacity;
5.  Disfigurement, past and future;
6.  Property Damage; and
7.  Pre-judgment interest and costs of Court.

If it be found that Plaintiff was suffering from any predispositions, conditions or bodily infirmities prior to the date of the collision, Plaintiff would show unto the Court and jury that the same was neither disabling nor painful, but that as a result of the injuries suffered by Plaintiff on such occasion, and the effects thereof, the same had been incited, accelerated, and aggravated to such an extent that they have now become painful and disabling as described herein.

## IX.
### REQUESTS FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose the information and material described in Rule 194.2 within fifty (50) days of the service of this request.

## X.
## INTERROGATORIES TO DEFENDANT

Take notice that pursuant to Rules 192 and 197 of the Texas Rules of Civil Procedure, Plaintiff serves the attached interrogatories to be propounded to Defendant. You are hereby instructed to answer the following interrogatories separately, fully, in writing, and under oath as required by Rule 197.2(d) of the Texas Rules of Civil Procedure. The answers shall be served upon the undersigned counsel within 50 days after the service of these interrogatories.

## XI.
## REQUEST FOR PRODUCTION TO DEFENDANT

Please take notice that request is hereby made by Plaintiff, pursuant to Rule 196 of the Texas Rules of Civil Procedure, that Defendant produce or permit the undersigned attorney, Allen A. King, Jr., to inspect and copy or reproduce the items hereinafter requested and attached hereto. Within 50 days after service of these Requests for Production, you must serve a written response to the undersigned attorney at 1900 Travis St., Houston, TX 77002, including the items requested or stating with respect to each request that an inspection and copying or reproduction will be permitted as requested. In the event a request is objected to, please specifically state (a) the legal or factual basis for the objection, and (b) the extent to which you refuse to comply with the request. Pursuant to Rule 193.2(b) of the Texas Rules of Civil Procedure, a party must comply with as much of the request to which the party has made no objection unless it is unreasonable under the circumstances to do so before obtaining a ruling on the objection. Furthermore, demand is made for the supplementation of your answers to these discovery requests as required by Rule 193.5 of the Texas Rules of Civil Procedure.

**Plaintiff's Original Petition and Written Discovery Requests**
- 5 -

## XII.

Please take notice that, pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, for purposes of self-authentication, any and all documents produced by Defendant to Plaintiff in response to written discovery will be used against Defendant at any pretrial proceeding or at trial.

## XIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein; that upon trial hereof, Plaintiff has judgment of the Court against such Defendant in a total amount of money substantially in excess of the minimum jurisdictional limit of this Court, together with prejudgment and post-judgment interest as provided by applicable laws; for all costs of court; and for all such other and further relief, both general and special, legal and equitable, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

CRIM & VILLALPANDO, P.C.

By:   /s/ *Allen A. King, Jr.*

Allen A. King, Jr.
State Bar No. 11433490
4900 Travis Street
Houston, Texas 77002
(713) 807-7800
(713) 807-8852 Fax
Allen@cvinjurylawyers.com

**ATTORNEY FOR PLAINTIFF**
**PHYLLIS MILLIGAN-MENEPHEE**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

### DEFINITIONS AND INSTRUCTIONS

The following interrogatories and requests for discovery and production of documents are propounded to you in the above styled cause pursuant to Rules 192, 196 and 197, Texas Rules of Civil Procedure, as well as other applicable discovery rules and are to be answered separately, completely and under oath in accordance with said rules within thirty (30) days after service hereof. These interrogatories shall be deemed continuing and supplemental answers shall be required if the defendant, or his attorney, either directly or indirectly, obtain further information of the nature sought herein between the time answers are served and the time of trial.

a. "You" or "your," as those words are used herein refer to Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, its agents, servants, employees, representatives, or anyone else working or acting in its behalf, whether authorized to do so or not.

b.      The term "documents" shall mean all writings of every kind, source, and authorship, both originals and all nonidentical copies thereof, in your possession or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative entity, or any private entity, or any person.

A document is deemed to be in your possession, custody or control if you have either actual physical possession of a document or constructive possession of the document. Constructive possession means that you have a superior right to compel the production of such document or a copy thereof from a third party having actual physical possession of the document.

The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts, drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate by-laws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries, drafts; files; guaranty agreements; instructions; invoices; ledgers, journals balance sheets, profit and loss statements, and other sources of financial data: letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any

persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including published books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statement of bank accounts; statements, interviews; stock transfer ledger; technical and engineering reports; evaluations; advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams, teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

    c.    "Person": The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

    d.    "Identify" or "Identification".

        (1)    When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

        (2)    When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its chief executive officer and telephone number.

        (3)    When used in reference to a document, "identify" or "identification" shall include statement of the following:

           (a)    the title, heading, or caption, if any, of such document;

           (b)    the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

           (c)    the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

**Plaintiff's Original Petition and Written Discovery Requests**

- 8 -

(d)  the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

(e)  the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

(f)  the name and capacity of the person to whom such document was addressed and the name and capacity of such person; other than such addressee, to whom such document, or a copy thereof, was sent; and

(g)  the physical location of the document and the name of its custodian or custodians.

(4)  Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time up to and including the present date.

e.  "Settlement;," as used herein, means an oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, "arrangement, "deal", "understanding," loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between plaintiffs and any defendants or between any defendants herein whereby plaintiffs or defendant(s) have in any way released compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

The term "settlement" is also meant to include any resolution of the differences between the plaintiffs' and defendant(s) by loan to the plaintiffs' or any other device which is repayable in whole or in part out of any judgment the plaintiffs may recover against defendant(s).

The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

f.  Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the five (5) year period of time before the incident made the basis of this lawsuit up to and including the present date, and any supplement that may be necessary until the resolution of this case.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each person who provided any information as to any of your answers to these interrogatories, and please state whether you have made a reasonable and diligent effort to identify facts not only known personally to your management, but also to knowledge that is reasonably available to you through your employees, agents, and attorneys.

**ANSWER:**

**INTERROGATORY NO. 2:** Please identify each person employed by you (including agents, attorneys, or representatives), or individuals who were responsible for your supervision who participated in the decision-making process leading to the denial of underinsured motorist ("UIM") coverage including a brief description of the involvement of each person identified, and the date(s) of such involvement.

**ANSWER:**

**INTERROGATORY NO. 3:** Was any investigation performed by Defendant, or by any of its agents, representatives, or insurance carriers regarding the incident in question? If so, please identify the individuals involved in the investigation, the dates the investigations were made and the individual or individuals with current possession custody or control of all documents generated through such investigation.

**ANSWER:**

**INTERROGATORY NO. 4:** What reason(s), if any, did you have for refusing to pay Plaintiff's insurance benefits?

**ANSWER:**

**INTERROGATORY NO. 5:** Please identify each document, report, letter, or other tangible (i.e. written or maintained electronic form) source of information used by you to form your decision to deny payment of benefits to Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 6:** Please state whether the Defendant or anyone in the Defendant's control or direction has done any surveillance or activity checking on the Plaintiff.

ANSWER:

INTERROGATORY NO. 7: Please identify by title or general description any written procedures or policies (including document(s) maintained in electronic form) you maintained for your adjusters to use at the time of the denial of the present in the review and handling of claims for UIM benefits.

ANSWER:

INTERROGATORY NO. 8: If you deny that Plaintiffs suffered the injuries that they are claiming in this lawsuit, state all facts upon which you rely for your denial.

ANSWER:

INTERROGATORY NO. 9: If you deny the authenticity of the medical bills and records submitted to you in response to your discovery requests and/or obtained by you through the use of the medical record authorization provided by claimants, state all facts upon which you rely for your denial.

INTERROGATORY NO. 10: Please identify the person(s) employed by you with the most knowledge of the number of claims for UIM benefits presented to you in the last five (5) years, the number of claims accepted without contest, the number of claims accepted after contest, and the number of disputed claims paid after order of a court or regulatory agency.

ANSWER:

INTERROGATORY NO. 11: Please describe the manner in which you maintain records (including by title of any particular record(s) or data compilations) of the number of claims presented to you in the last five (5) years, the number of claims accepted without contest, the number of claims accepted after contest, and the number of disputed claims paid after order of a court or regulatory agency.

ANSWER:

INTERROGATORY NO. 12: When was the date that you first had reason to anticipate your decision to deny Plaintiff's UIM benefits might be the subject of "bad faith" or "insurance code violation" litigation?

ANSWER:

INTERROGATORY NO. 13: What documents (including those maintained electronically) relating to the investigation or handling of a claim for UIM benefits are routinely generated during the course of the investigation and handling of a claim by you (e.g. Investigation Reports; z-records; reserves sheet; electronic claims diary; a claims review report; team controversion

report)?

ANSWER:

INTERROGATORY NO. 14: Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for UIM benefits been destroyed, discarded, or otherwise disposed of? If so, please identify such document(s) by general description of contents, date of destruction, and reason for destruction.

ANSWER:

INTERROGATORY NO. 15: If you are contending that any acts or omissions of Plaintiff or any other person contributed, in any manner, to the collision, please state specifically each act or omission upon which you are relying, how it allegedly contributed to the collision, and identify the person doing such acts or omissions.

ANSWER:

INTERROGATORY NO. 16: How is the performance of adjusters evaluated (e.g. what performance measures, bonus systems, or incentive plans are used)?

ANSWER:

INTERROGATORY NO. 17: Please state STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S claim denial rate as reported to the Texas Department of Insurance for each year commencing 2013-2018?

ANSWER:

INTERROGATORY NO. 18: State the name, title, telephone number, and address of the person answering these Interrogatories and indicate whether said person is the designated corporate representative for Defendant.

ANSWER:

INTERROGATORY NO. 19: If you claim that the Plaintiff had any prior medical condition that is relevant to the issues in this case, and which the Plaintiff failed to disclose, identify each such condition and describe its relevance.

ANSWER:

INTERROGATORY NO. 20: Identify and describe every injury to the Plaintiffs that you believe and will concede for the purposes of this proceeding were caused by the collision.

ANSWER:

INTERROGATORY NO. 21: Identify each person who provided any information as to any of your answers to these interrogatories, and please state whether you have made a reasonable and diligent effort to identify facts not only known personally to your management, but also to knowledge that is reasonably available to you through your employees, agents, and attorneys.

ANSWER:

INTERROGATORY NUMBER 22: Please state completely and fully all representations, statements, declarations or admissions made by the Plaintiff or any agents, servants or employees of the Plaintiff.

ANSWER:

INTERROGATORY NUMBER 23: State, in detail and completely, the manner in which you assert that the incident made the basis of this litigation occurred.

ANSWER:

**Plaintiff's Original Petition and Written Discovery Requests**
- 13 -

## PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANT

### DEFINITIONS AND INSTRUCTIONS

1.   As used herein, the terms "you," "your," and "Defendant" shall mean "STATE FARM MUTUAL AUTOMOBILE COMPANY'S" attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of Defendant, whether authorized to do so or not.

2.   As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing in one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts, drawings; check registers, check books; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries, drafts; files; warranty agreements; instructions; invoices; ledgers; journals, balance sheets; profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statement of bank accounts; statements, interviews; stock transfer ledger; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments, work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

A document is deemed to be in your possession, custody or control if you have either actual physical possession of a document or constructive possession of the document. Constructive possession means that you have a superior right to compel the production of such

document or a copy thereof from a third party having actual physical possession of the document.

3.    "Person" or "persons" means any natural persons, firms, partnerships, associations, joint ventures, corporations and any other form of business organization or arrangement, as well as government or quasi-governmental agencies.  If other than a natural person, include all natural persons associated with such entity.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for three (3) years prior to the date of the incident made the basis of this lawsuit, through the date of production of documents requested herein, and any supplement that may be necessary until the resolution of this case.

## DOCUMENTS TO BE PRODUCED

1. The file for Plaintiff's UIM claim (including any written communications received or reviewed during the course of your handling of this claim).

2. Any documents, reports, or memoranda relied upon in making the decision to deny Plaintiff's UIM benefits.

3. The UIM insurance policy affording Plaintiff's coverage.

4. Any complaint list, complaint journal, or similar document for the past three (3) years. This request seeks any list kept in the form required by the Texas State Board of Insurance pursuant to Board Order 41454, 28 Tex. Admin. Code § 21.203(6), and any similar documents, or required by the Insurance Code to be maintained by Defendant.

5. Copies of all petitions and complaint journal, or similar document for the past three (3) years to which you were a party in any capacity relating to disputes involving allegations of "bad faith," deceptive trade practices, unconscionable actions, unfair practices in the business of insurance, violations of §§ 542.001 and 542.060 (formerly Articles 21.21 and 21.55 of the Texas Insurance Code) of the Texas Insurance Code, breach of duty of good faith and fair dealing, any violation of any statute, or regulation regarding the business of insurance, or any similar claim.

6. The summary(ies) maintained by you (or for the insurer for which you acted) or on its behalf that calculate, evaluate, or report the number of claims accepted without contest, the number of claims accepted after contest, and/or the number of disputed claims paid after order of a court or regulatory agency.

7. The written procedures or policies (including document(s) maintained in electronic form) presented to you and maintained for your employees to use from the time of denial to the present in the review and handling of claims for UIM benefits.

8. Documents, photographs, statements, sketches, or plans generated during the course of the investigation of Plaintiff's claim through the filing of the claim controversion. This request specifically includes all videotapes, photographs and records of Plaintiff or Plaintiff's home regardless of whether you intend to offer these items into evidence at trial.

9. Documents, photographs, statements, sketches, or plans generated during the course of the investigation of the claim for benefits by Plaintiff. This request specifically includes all videotapes, photographs and records of Plaintiff or Plaintiff's home regardless of whether you intend to offer these items into evidence at trial.

**Plaintiff's Original Petition and Written Discovery Requests**

- 16 -

10.    Copies of the documents, manuals, and training materials, including audio and/or video tapes used in training, overseeing, or supervising your personnel employed in adjusting UIM claims through insurance policies issued by you for the past three (3) years.

11.    "Pay Sheet" or list of payments made on Plaintiff's claim.

12.    The records, reports, notes or memoranda prepared or reviewed by a nurse case manager and any peer reviewer, employed or retained by you and/or anybody authorized to act on your behalf in connection with Plaintiff's claim.

13.    Documents demonstrating STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY's claim denial rate as reported to the Texas Department of Insurance for each year commencing 2013-2018.

14.    The employee bonus plan in effect for the time period January 1, 2013 – December 30, 2018.

15.    Your report on the total and average claim cost (indemnity and medical); median claim cost (indemnity and medical); number of claims; number of denials (medical and indemnity) for 2013-2018.

16.    Your report on the number of peer review requests and peer review outcomes (denied/accepted) for 2013-2018.

17.    Your criteria for peer reviewer selection and retention for 2013-2018.

18.    Your guidelines/standards for peer reviewers for 2013-2018.

**II.**

This is a continuing request and should any documents or information be obtained by Defendant, which may come within the confines of this request, the same should be delivered to the Plaintiff's attorney of record upon receipt of such information or documents.

Delivered  5 - 20 -20 19

VS  PSC-1267
*Authorized Person*

RECEIPT NUMBER _____ 0.00

TRACKING NUMBER ___ 73622381  CIV

**CAUSE NUMBER**   201932180

PLAINTIFF: MILLIGAN-MENEPHEE, PHYLLIS
vs.
DEFENDANT: STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

In The 281st
Judicial District Court of
Harris County. Texas

**CITATION CORPORATE**

THE STATE OF TEXAS
County of Harris

TO: STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (A FOREIGN
CORPORATION) BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
OR WHEREVER THEY MAY BE FOUND

211  E 7TH ST STE 620   AUSTIN TX  78701

Attached is a copy of  PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY REQUESTS.

This instrument was filed on the ___8th___ day of ___May_____, 20 __19__, in the
above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED; you may employ an attorney. If you or your attorney do not file a written answer with the
District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were
served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

This Citation was issued under my hand and seal of said court, at Houston, Texas, this ___8th___ day of
___May_____, 20 _19_.

*[signature]* Mai Burge

**MARILYN BURGESS, District Clerk**
Harris County, Texas
201 Caroline, Houston, Texas 77002
P.O.Box 4651, Houston, Texas 77210

Issued at request of:
KING, ALLEN A
4900  TRAVIS
HOUSTON, TX  77002
TEL: (713) 307-7800
Bar Number: 11433490

Generated by: CUERO, NELSON  7MM//11226198

**OFFICER/AUTHORIZED PERSON RETURN**

I received this citation on the _____ day of _____, 20 _____, at _____ o'clock ___.M., endorsed

the date of delivery thereon, and executed it at _____
(STREET ADDRESS)                         (CITY)

in _____ County, Texas on the _____ day of _____, 20 _____, at _____ o'clock ___.M.,

by delivering to_____
(THE DEFENDANT CORPORATION NAMED IN CITATION)                         by delivering to its

_____ in person, whose name is _____
(REGISTERED AGENT, PRESIDENT, = VICE-PRESIDENT)

a true copy of this citation, with a copy of the _____ Petition attached,

and with accompanying copies of _____.

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20 ____.

FEE: $_____

By: _____

Printed Name: _____

As Deputy for: _____

Affiant Other Than Officer _____



# Notice of Service of Process

null / ALL
Transmittal Number: 19830826
Date Processed: 05/21/2019

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |
| **Entity:** | State Farm Mutual Automobile Insurance Company<br>Entity ID Number 3461675 |
| **Entity Served:** | State Farm Mutual Automobile Insurance Company |
| **Title of Action:** | Phyllis Milligan-Menephee vs. State Farm Mutual Automobile Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, TX |
| **Case/Reference No:** | 2019-32180 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 05/20/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Allen A. King, Jr.<br>713-807-7800 |

Information contained on this transmittal form is for record keeping, notification, and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com